IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02084-CMA-MEH

RENEE JONES,

      Plaintiff,

v.

AMERICAN FAMILY INSURANCE COMPANY,

      Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is Plaintiff's Revised Opposed Motion to Amend Complaint to Include Prayer for Exemplary Damages [filed February 3, 2017; ECF No. 31].  In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1, the matter has been referred to this Court for recommendation.  The motions are fully briefed, and oral argument would not materially assist the Court in its adjudication of the motion.  For the reasons that follow, the Court respectfully recommends that the Honorable Christine M. Arguello grant in part and deny in part the Plaintiff's motion as set forth herein.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  Fed. R. Civ. P. 72.  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th

## BACKGROUND

Plaintiff initiated this action on August 17, 2016 asserting claims for bad faith breach of contract, statutory delay, and outrageous conduct against Defendant based on the following allegations. *See* Compl., ECF No. 1. Plaintiff, secondarily insured by Defendant (with State Farm Mutual Automobile Insurance Company being primary), struck a bicyclist (David Leistikow) while driving her automobile. Both Defendant and State Farm, whose counsel represented Plaintiff in that lawsuit, offered policy limits; however, Defendant then attached certain other conditions to its offer. Leistikow's attorney explained why he could not accept the conditions and gave a deadline for a non-restricted offer. After the deadline passed, Leistikow sued Plaintiff and obtained a jury verdict in excess of $1 million (reduced by 45% for Leistikow's comparative negligence). Plaintiff claims Defendant improperly handled and never informed her of the settlement offers, and now she "remains obligated to Dr. Leistikow for approximately a half-million dollars caused by American Family's decision not to make timely payment of her policy limits and [to] condition payment of her policy limits on conditions Dr. Leistikow could not meet." *Id.* ¶ 68.

After some discovery, Plaintiff seeks to add a prayer for exemplary damages to the operative pleading. Plaintiff contends that, by concealing from Plaintiff the settlement offers at the time they were made; by admitting it missed the deadline to settle Leistikow's claims; by inducing Plaintiff to trust the attorney it assigned to her defense; and by assigning a "conflicted" attorney who represented both the insurer and the Plaintiff (Steven Anderson), Defendant engaged in "willful, wanton[,] and reckless behavior toward [Plaintiff's] rights and feelings." Proposed Am. Compl. ¶¶ 123, 124.

Defendant counters that the March 8, 2016 letter assigning Steven Anderson as the Plaintiff's

---

Cir.1991)).

attorney was issued inadvertently and that Plaintiff "never contacted Mr. Anderson to discuss his representation of her, and she continued to be represented by [Debra] Sutton [assigned by State Farm]." Resp. 4. Defendant contends that Plaintiff's reliance on the erroneous letter provides an insufficient basis for a claim of punitive damages, particularly because Plaintiff fails to demonstrate any prejudice to her resulting from the letter. Further, Defendant asserts that because "it remained open to settlement pending receipt of information concerning Medicare," there was no "refusal" to settle and, thus, no actionable claim. Finally, Defendant argues it was reasonable to seek information regarding a possible Medicare lien given Plaintiff's eligibility for Medicare and Leistikow's attorney's "admission" that it was possible to obtain a written confirmation of no lien.

Plaintiff replies that Anderson referenced the March 8, 2016 assignment letter in a subsequent July 5, 2016 letter to Plaintiff refusing to pay the excess verdict, and neither he nor anyone at American Family ever stated the letter was issued "erroneously" or "inadvertently." Moreover, Plaintiff cites to the deposition testimony of Defendant's adjustor (who substituted for the primary adjustor while he was on vacation at the time of the settlement offer) saying that she and the primary adjustor never discussed the Plaintiff or her conversation with Leistikow's attorney, Scott Larson. Finally, Plaintiff contends that Defendant's delay in seeking lien information and/or responding to Leistikow's July 10, 2015 unrestricted offer was unreasonable since Defendant was "never in danger of being subjected to potential double payment of medical liens" because no liens had been asserted and Leistikow agreed to satisfy all liens from the settlement paid.

## LEGAL STANDARDS

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the original pleading or service of a responsive pleading or Rule 12 motion, a party may amend its pleading only by leave of the court or by written consent of the adverse party. Fed. R.

Civ. P. 15(a) (2013). Rule 15 instructs courts to "freely give leave when justice so requires." *Id.* "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Id.*; *see also Foman,* 371 U.S. at 182.

## ANALYSIS

Here, Plaintiff seeks to amend her Complaint to add factual allegations and a claim of exemplary damages against Defendant concerning Defendant's handling of the settlement offers made in the underlying lawsuit and its assignment of a "conflicted" lawyer to represent Plaintiff. In Colorado, exemplary or punitive damages are available only by statute. *Stamp v. Vail Corp.*, 172 P.3d 437, 447 n.12 (Colo. 2007) (en banc) (citing *Kaitz v. Dist. Court*, 650 P.2d 553, 556 (Colo. 1982)). Plaintiff seeks to amend under Colorado's general exemplary damages provision, Colo. Rev. Stat. § 13-21-102(1). Subsection (1.5)(a) of the statute provides:

> A claim for exemplary damages in an action governed by this section may not be included in any initial claim for relief. A claim for exemplary damages in an action governed by this section may be allowed by amendment to the pleadings only after the exchange of initial disclosures pursuant to rule 26 of the Colorado rules of civil procedure and the plaintiff establishes prima facie proof of a triable issue. After the plaintiff establishes the existence of a triable issue of exemplary damages, the court may, in its discretion, allow additional discovery on the issue of exemplary damages as the court deems appropriate.

Colo. Rev. Stat. § 13-21-102(1.5)(a).

Exemplary or punitive damages are only appropriate if "the injury complained of is attended

by circumstances of fraud, malice, or willful and wanton conduct." Colo. Rev. Stat. § 13-21-102(1)(a). The statute defines "willful and wanton conduct" as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others." Colo. Rev. Stat. § 13-21-102(1)(b). Thus, for an amendment seeking exemplary damages to be proper, the Court must find Plaintiff establishes prima facie proof of a triable issue that Defendant purposefully behaved in a dangerous, heedless and reckless manner "without regard to consequences, or of the rights and safety of others." *Qwest Servs. Corp. v. Blood*, 252 P.3d 1071, 1081 (Colo. 2011) (en banc).

"A determination of whether the plaintiff has established prima facie proof to add a claim for exemplary damages lies within the sound discretion of the trial court." *Ferrer v. Okbamicael*, -- P.3d -- , 2017 WL 778222, at *11 (Colo. Feb. 27, 2017). "The existence of a triable issue on punitive damages may be established through discovery, by evidentiary means, or by an offer of proof." *Leidholt v. Dist. Court in and for the City and Cnty. of Denver*, 619 P.2d 768, 771 (Colo. 1980). A plaintiff must articulate "[a] reasonable likelihood that the issue will ultimately be submitted to the jury for resolution" to demonstrate the requisite prima facie proof of a triable issue. *Id*.

In this case, Defendant does not challenge Plaintiff's proposed amendments as unduly delayed or unduly prejudicial, and the Court finds the amendments are neither delayed nor prejudicial. *See* Scheduling Order, ECF No. 21. Defendant argues here that Plaintiff's proposed claim would be subject to dismissal (or, futile) because she has failed to show "there is prima facie proof of a triable issue concerning this claim" in accordance with the statute.

A futility analysis looks to whether claims as alleged in the amended complaint would survive a motion to dismiss. *See Hawkinson v. Montoya*, 385 F. App'x 836, 840 (10th Cir. 2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Taking the proposed allegations as true, the Court finds Plaintiff fails to demonstrate prima facie proof of a triable issue that Defendant's conduct was willful. First, concerning the settlement negotiations in July/August 2015, the Plaintiff proposes to allege: (1) Defendant failed to communicate any settlement offers to Plaintiff; (2) the conditions Defendant placed on its policy limits offer—a release executed by Leistikow's spouse and a final demand letter from Medicare—could not be fulfilled because Larson did not represent Mrs. Leistikow and Leistikow's Medicare policy was under Part C for which he was insured by a private company; thus, Medicare would have made no payment and would be entitled to assert no lien; (3) Larson explained to Defendant why the conditions could not be fulfilled, but Defendant failed to respond by the offer deadline or seek an extension within which to respond; (4) Colorado law protects an insurer (like Defendant) from any double payments when it receives no notice of any liens; (5) it was unreasonable for Defendant to seek a lien release from Medicare where no liens were asserted and Leistikow agreed to satisfy all liens from the settlement funds; and, (6) Defendant's assigned adjuster was on vacation when Leistikow made the July 10, 2015 unrestricted offer by email, but once he returned, the adjuster did nothing with or concerning the email, and he was never disciplined for his inaction. *See* Proposed Am. Compl., ECF No. 31-15.

Although the Court finds these allegations relevant to the existing claims and will recommend allowing the Plaintiff to amend her Complaint to include these allegations, the Court concludes the allegations and evidence provided, taken as true and considered as a whole, fail to demonstrate genuine factual issues as to whether Defendant "willfully" or "purposefully" placed

6

untenable conditions on the policy limits offer,[2] then failed to respond to the offer by Leistikow's deadline, so that Plaintiff would be subject to litigation.  Further, the allegations and evidence do not reflect Defendant "intended" to keep secret from Plaintiff the offers made by Leistikow.  In fact, Debra Sutton, Plaintiff's trial attorney, responded ("belatedly," it appears (*see* ECF No. 31-13)) to Leistikow's July 10, 2015 unrestricted offer for policy limits on August 10, 2015.  Letter, ECF No. 38-5.  Plaintiff makes no allegation or argument that Sutton did not inform her of Leistikow's offer.

Finally, the evidence shows that, although the adjustor himself did nothing with Leistikow's emailed unrestricted offer, another adjustor, "Monica," called his attorney, Larson, on July 10, 2015, and he explained to her why he could not meet the conditions.  Larson Dep. 13: 8–25, 14: 1– 7.  After the lawsuit was filed in late July 2015, Defendant's counsel, Ted Wallace, called Larson on August 7, 2015 requesting a copy of the July 10, 2015 email and they discussed the claim.  Larson Dep. 12: 12–23; 63: 4–16.  Three days later, on August 10, 2015, Plaintiff's trial counsel, Debra Sutton, drafted a letter including a policy limits offer on behalf of State Farm and American Family in exchange for a release of all claims.  Letter, ECF No. 38-5.

Again, the Court finds the Plaintiff's proposed allegations are relevant to her existing claims, but the allegations do not demonstrate issues of material fact as to whether Defendant "purposefully" failed to respond to the unrestricted policy limits offer by the July 17, 2015 deadline.  Thus, the Court recommends Judge Arguello find the Plaintiff has not articulated a reasonable likelihood that the issue ultimately will be submitted to the jury for resolution.  *See Leidholt*, 619 P.2d at 771.

Second, regarding Defendant's assignment of Steven Anderson as Plaintiff's "attorney," the

---

[2]Certainly, whether Defendant's conduct in this regard was "unreasonable" is a question for the jury. The Court notes that, contrary to Defendant's argument, Larson did *not* testify that "he actually wrote to Medicare and was able to get written confirmation that there was no lien." Resp. 9.  Rather, Larson testified that he had been "in contact" with Medicare and "months later" he received a letter "from the CMS, and it just said they had paid nothing, which I already knew." Deposition of Scott Larson, December 21, 2016 ("Larson Dep.") 59: 1–12; 63: 23–25, 64: 1–7.

Plaintiff fails to demonstrate genuine factual issues as to whether Defendant purposefully issued the March 8, 2016 letter of representation to "induce" Plaintiff to place her trust in Anderson, after which Anderson drafted a High Damage Review report for American Family contrary to Plaintiff's interest.  Plaintiff argues that Anderson's subsequent July 5, 2016 letter referencing the March 8, 2016 letter demonstrates Anderson's knowledge and "ratification" of the representation letter. However, the July 5, 2016 letter does not reference the "representation" portion of the seven-paragraph March 8, 2016 letter issued by Susan Amato (*see* ECF No. 31-2), and Anderson mentions nothing in the July letter concerning his representation of Plaintiff (*see* ECF No. 31-9). Furthermore, there is no evidence that Plaintiff ever communicated with Anderson; as such, the Court finds no factual issue as to whether Anderson "induced" Plaintiff's trust.  Consequently, the Court recommends Judge Arguello find Plaintiff has not demonstrated Defendant willfully assigned Anderson, who represented Defendant in the underlying lawsuit, as Plaintiff's attorney.

Defendant does not argue that the factual allegations concerning Anderson as "conflicted" counsel and supporting the proposed exemplary damages claim should not be added to the existing outrageous conduct claim and, in the interest of justice, the Court recommends that Plaintiff be granted leave to amend her claim to add these factual allegations.

## CONCLUSION

In sum, the Court finds Plaintiff's proposed factual allegations are not unduly delayed or prejudicial and are relevant to her existing claims; accordingly, the Court recommends that Judge Arguello grant Plaintiff leave to amend her Complaint to add the factual allegations.

However, the Court concludes the allegations do not demonstrate genuine issues of material fact as to whether Defendant purposefully failed to respond to Leistikow's July 10, 2015 unrestricted policy limits offer and as to whether Defendant purposefully assigned Anderson as Plaintiff's

attorney to induce her trust, while Anderson served as Defendant's counsel during the underlying litigation. Thus, the Court recommends that Judge Arguello find the proposed claim would be subject to dismissal for Plaintiff's failure to articulate "[a] reasonable likelihood that the issue will ultimately be submitted to the jury for resolution" and deny Plaintiff leave to add a claim for exemplary damages.

THEREFORE, based on the briefs and entire record, the Court respectfully recommends that Judge Arguello **grant in part and deny in part** the Plaintiff's Revised Opposed Motion to Amend Complaint to Include Prayer for Exemplary Damages [filed February 3, 2017; ECF No. 31], and permit the Plaintiff file an Amended Complaint containing the proposed factual allegations within 14 days of her order.

Respectfully submitted at Denver, Colorado, this 23rd day of March, 2017.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge